**TOPA EQUITIES (V.I.), LTD., Appellant**

**v.**

**BARED JEWELERS OF THE V.I., INC., Appellee**

**TOPA EQUITIES v. BARED JEWELERS**

D.C. Civ. App. No. 2002-156

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 23, 2004

*For Appellant*: GARRY E. GARTEN, Esq., St. Thomas, U.S.V.I.

*For Appellee*: RICHARD M. PRENDERGAST, ESQ., St. Thomas, U.S.V.I.

FINCH, *Chief Judge of the District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and ROSS,[1] *Judge of the Territorial Court of the Virgin Islands, Division of St. Croix, Sitting by Designation*

---

[1]    Judge Ross did not participate in the decision of this matter.

**MEMORANDUM**

(August 23, 2004)

## I. INTRODUCTION

Appellant now appeals the trial court's judgment in an action for breach of a lease arguing that the lease's indemnification clause allows his insurer to subrogate to his rights against the appellee, and thereby warrants recovery of all monies expended in defending a lawsuit by appellee's employee. After due consideration, we will reverse the trial court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 1989, TOPA Equities (V.I.), Ltd. ["TOPA"] leased a commercial property to Bared Jewelers of the V.I., Inc. ["Bared"]. On February 8, 1994, Bared's employee, Lydia Gonzalez, injured herself on a spiral staircase while working on the leased premises. She collected worker's compensation and also sued TOPA as landlord in Territorial Court on May 8, 1995 for negligent maintenance of the staircase. *Gonzalez v. TOPA Equities (V.I.), Ltd.*, Civ. No. 344/1995 *["Gonzalez* action"]. TOPA referred the *Gonzalez* action to its insurer, Dorchester Insurance Co. who arranged for counsel to answer the complaint.[2] TOPA and Dorchester then tendered the defense to Bared and its insurer based on an indemnification clause in their commercial lease whereby Bared agreed to indemnify TOPA from all claims for injury on the leased premises.[3] (J.A. 463.)

Pursuant to this lease provision, Bared had purchased a personal injury liability policy with CNA Insurance Company, naming both itself and

---

[2] Both TOPA and Dorchester were subsidiaries of TOPA Equities, Inc.

[3] The lease provision provides:

It is further agreed that the Lessee [Bared] assumes all risks or liability for personal injury to any person or any injury to property while on the described premises; and [Bared] shall at all times indemnify and save harmless the Lessor [TOPA] from any and all claims arising from injury on the above described premises during the term of this lease. It is further agreed that [Bared] shall provide public liability ... insurance for the benefit of [TOPA] and naming [TOPA] as an assured in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000) and damages resulting to any one (1) individual ...

(J.A. 463.)

TOPA as insured parties. In response to Dorchester's tender, CNA offered to split the costs of handling the *Gonzalez* action "50/50". Dorchester rejected this offer, insisting that CNA pay the full cost of TOPA's indemnification as required by the lease provision. (J.A. at 26.) Dorchester and TOPA eventually settled their liability in the *Gonzalez* action for $125,000.00.

On March 23, 2000, TOPA sued Bared for breach of contract, seeking to recover the monies TOPA and Dorchester paid in defending the *Gonzalez* action, which included the $125,000.00 settlement payment along with $18,329.00 in attorneys' fees. (J.A. at 452-477.) On May 29, 2001, Bared moved to dismiss the action, arguing Dorchester was the real party in interest. On June 26, 2001, pursuant to Rule 17 of the Federal Rules of Civil Procedure, Dorchester ratified TOPA to prosecute this action on its behalf, thereby agreeing to be bound by the outcome without becoming a named party. (J.A. at 37-38, 275.) On September 18, TOPA moved for summary judgment based on the lease's indemnification clause. Bared responded that no indemnification was required.

After a hearing, the trial judge on June 19, 2002, ruled that Bared was required to indemnify TOPA only for money TOPA actually lost, and that Dorchester was not subrogated to TOPA's rights under the indemnification clause because Dorchester and Bared were "co-insurers" of TOPA for the same risk of personal injury on the premises Bared leased from TOPA. (J.A. at 45.) After a further hearing on TOPA's damages only, the trial judge entered a final order on August 12, 2002. The trial judge also noted that "Dorchester's remedy, if any, must come through an action for <u>contribution</u> against other insurers and not an action for breach of contract." (J.A. at 46.) (emphasis in original)

TOPA has now timely appealed whether Dorchester is subrogated to TOPA's rights against Bared under the lease's indemnification clause and whether that clause places the entire and primary risk of loss on Bared.

### III. DISCUSSION

#### A. Jurisdiction and Standards of Review

This Court has jurisdiction to review final judgments and orders of the Territorial Court in all civil cases. *See* 4 V.I.C. § 33; Section 23A of the

Revised Organic Act.[4] "Findings of fact shall not be set aside unless clearly erroneous." 4 V.I.C. § 33. The standard of review for this Court in examining the Territorial Court's application of law is plenary. *See Nibbs v. Roberts*, 31 V.I. 196, 204 (App. Div. 1995). The Court also exercises plenary review over an order granting summary judgment. *See Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 240, 45 V.I. 649 (3d Cir. 2002).

### B. Whether the trial court's June 19, 2002 ruling was proper

The trial court found that Dorchester and Bared were "co-insurers" and therefore "equally responsible parties." (J.A. at 38-46.) It reasoned that Dorchester, therefore, could not be subrogated to TOPA's rights against Bared because it would unfairly shift the entire expense of defending the *Gonzalez* action from Dorchester to Bared. The trial court concluded that Dorchester could only recover from the "co-insurer" Bared through an action for contribution. It ruled that because Dorchester had "almost completely indemnified" TOPA, TOPA could only recover its own out-of-pocket losses for the *Gonzalez* action from Bared pursuant to the lease's indemnification clause. (J.A. at 45.) We cannot agree with the trial court's legal conclusions.

The lease's indemnification clause requires Bared to reimburse TOPA for all of its costs in defending Bared's employee's suit for personal injuries she suffered on the premises Bared leased from TOPA. In that clause, Bared specifically agreed to indemnify TOPA "from any and all claims arising from injury on the above described premises during the term of this lease." It necessarily follows that Dorchester and Bared are not "equally responsible parties" because Bared specifically agreed to indemnify TOPA. As TOPA's liability insurer, Dorchester is subrogated to TOPA's rights against Bared under the lease's indemnification clause.

■ It is clear that the landlord TOPA and the tenant Bared contractually agreed to shift the entire risk of loss for injury on the premises to Bared and required Bared to insure itself and TOPA against such risk. Whether TOPA separately obtained general liability insurance from Dorchester to cover its risk is immaterial. It is perfectly proper for a commercial tenant and landlord to negotiate an indemnification clause in a contract to shift the entire loss of a specific risk to one party and its

---

[4]    Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1614, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995) (preceding V.I. CODE ANN. tit. 1).

insurer. *See Wal-Mart Stores Inc. v. RLI Ins. Co.*, 292 F.3d 583, 588-94 (8th Cir. 2002) (construing Arkansas law to give controlling effect to an indemnity clause even though indemnitee had insurance).

■ Since Bared agreed to bear the entire risk of loss of personal injury on the premises it leased from TOPA, there is nothing inequitable in allowing Dorchester to be subrogated to TOPA's rights to enforce this indemnification. In fact, the policy between Dorchester and TOPA expressly provides for such subrogation. (J.A. at 320.) We therefore hold that Bared is liable to TOPA, and through subrogation to Dorchester as its insurer, for all monies TOPA expended in defending the *Gonzalez* action.

## IV. CONCLUSION

The trial court's June 19, 2002 decision erred in denying TOPA full recovery because Bared expressly agreed to indemnify TOPA regardless of other insurance it acquired from Dorchester. We accordingly will vacate the judgment below and remand the matter with the direction that the trial court enter summary judgment in TOPA's favor.